Chief Justice Bibb
delivered the Opinion of the Court.
Htjtt exhibited his bill against James Conner, M’Callister, Ward and L. D. Anderson, to enjoin proceedings on a judgment and execution in favor of Conner, assigned by him to M’Callister, and by him to Ward, stating as his ground of equity, payment of the sums specified, to Anderson, the attorney of Conner; who, as attorney, had assigned tbe judgment to M’Callister, and who assigned to Ward; and that these payments were made before any notice of the assignment, and to the attorney at law, who had recovered the judgment.
The process was served on Anderson, on the 9th August, 1824; he made no answer to Hutt’s bill.
At November term, 1825, the answers of Conner, M’Callister and Ward were filed, admitting the statements of Hutt’s bill.
But Ward, the last assignee, after admitting the statements of the original bill, made his answer a cross bill against Anderson, stating him tobe at that time a resident of the state of New-Jersey, alleging he had not paid over the sum of $119, received by him as attorney, and therefore, praying a decree against him for that sum.
At the same term,'Anderson being absent, without rocess on this cross bill against him, the original ill, with this cross bill, was heard; the court perpetuated the injunction of Hutt against the defendants to that bill, upon the exhibits and confessions *420 in tiie answers, and bill pro confesso against Anderson, the attorney.
¡On a cross bill by one defendant a-gainsfc another, there must be process or appearance to that bill.
3 urisdiction.
Defendant being a nonresident, and bill shewing no iurisdiction, on the reversal of the decree against him on his writ of error — ordered that the bill be dismissed, and not that further proceedings be had, com- ' mencing with an appearance.
T. A. Marshall, for plaintiff.
And upon Ward’s cross bill decreed the amount §0 enjoined to be paid by Anderson to Ward; to this decree, Anderson prosecutes his writ of error against Ward.
It was erroneous to hear the cause as between Ward and Anderson, at the same term at which Ward’s cross bill was filed, without process, and in the absence of Anderson, as the record and decree expresses. The answer of Ward, made by him with prayer for relief, and as a cross bill against Anderson, made a new substantive charge not contained in Hutt’s bill; that Anderson had not paid over the sum received by him for his client. As a defendant to Hutt’s bill, Anderson bad been served with process, as to that bill and its allegations, Anderson made no answer; that bill charged him to have received the money; that allegation he did not deny in Hutt’s case. But as tp Ward’s bill, he was not in default, he had no notice of its contents', actual or constructive, it was a decree, exparte prematurely, and hastily pronounced without any proceedings on that cross bijl, to entitle the complainant Ward, to á hearing.’' There was nothing in that bill to give the court jurisdiction against Anderson, who was out of the state.
It is therefore ordered and decreed, that the decree in favor of Ward against said Anderson, be reversed, and the cause be remanded with direction to dismiss the bill.
Ward to pay costs in this court.